IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL FUENTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff Crystal Fuentes brings this action against JP Morgan Chase Bank, N.A. ("Chase Bank"), for wrongful detention of funds in her account.

2. Plaintiff alleges violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), conversion and breach of contract.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 15 U.S.C. §1693m and 28 U.S.C. §1331, 1337 and 1367.

4. This Court has personal jurisdiction over Chase because it does business in Illinois, having numerous branches in the state.

5. Venue is proper because the events complained of occurred in this District.

## PARTIES

6. Plaintiff Crystal Fuentes is a resident of the Northern District of Illinois and a customer of JP Morgan Chase Bank, N.A. ("Chase Bank"), having a checking account there.

7. Defendant Chase Bank is a federally chartered corporation with offices at 10 S. Dearborn St., Chicago, Illinois, among other locations.

## FACTS

8. In 2019, Sir Finance Corporation, a high-interest lender, sued Ms. Fuentes in the Circuit Court of Cook County and obtained a judgment.

9. In 2022, Sir Finance Corporation sought to enforce the judgment against Ms. Fuentes' account at Chase Bank, serving a citation on Chase Bank.

10. Ms. Fuentes claimed her $4,000 exemption under 735 ILCS 5/12-1001 with respect to the account and moved to vacate the judgment.

11. On January 4, 2023, the Circuit Court entered an order directing Chase Bank to release the contents of the account up to $4,000 pursuant to the exemption (Exhibit A).

12. Ms. Fuentes provided this order to Chase's legal department several times from January 5, 2013 to January 9, 2013.

13. From January 5, 2013 to January 12, 2013, Ms. Fuentes placed numerous calls to Chase's legal department and was told by Chase's representatives that Chase will not release the funds in her account, despite the court order directing it to do so.

14. On January 13, 2013, Ms. Fuentes' counsel sent the letter attached as Exhibit B to Chase.

15. As of January 23, 2013, Chase had not released the funds.

16. On January 20, 2023, Ms. Fuentes attempted to withdraw released funds from the Chase account for living expenses through an ATM (Exhibit B).

17. Ms. Fuentes was unable to do so because of Chase's position set forth above.

18. As a result, Ms. Fuentes suffered severe hardship.

## **COUNT I – ELECTRONIC FUNDS TRANSFER ACT**

19. Plaintiff incorporates paragraphs 1-18.

20. The EFTA provides, at 15 U.S.C. §1693h:

(a) Action or failure to act proximately causing damages

Subject to subsections (b) and (c), a financial institution shall be liable to a consumer for all damages proximately caused by—

(1) the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, except where—

    (A)  the consumer's account has insufficient funds;

    (B)  the funds are subject to legal process or other encumbrance restricting such transfer; . . .

21. As of January 5, 2023, the funds Ms. Fuentes sought to withdraw were not subject to legal process or other encumbrance restricting such transfer, and Chase knew it.

22. Chase's failure to allow Ms. Fuentes to withdraw funds via ATM violated 15 U.S.C. §1693h.

23. 15 U.S.C. §1693m provides:

(a) Individual or class action for damages; amount of award

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of—

 (1) any actual damage sustained by such consumer as a result of such failure;

 (2)

   (A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; . . .

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award

In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—

 (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; . . .

(g) Jurisdiction of courts; time for maintenance of action

Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      i.      Compensatory damages;

      ii.      Statutory damages;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other or further relief as is proper.

### COUNT II – CONVERSION

24.      Plaintiff incorporates paragraphs 1-18.

25.      Chase converted the funds in Plaintiff's account by refusing to comply with the January 4, 2023 court order.

26.      Chase's refusal was obstinate and malicious.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      i.      Compensatory damages;

      ii.      Punitive damages;

      iii.      Costs of suit;

      iv.      Such other or further relief as is proper.

### COUNT III – BREACH OF CONTRACT

27.      Plaintiff incorporates paragraphs 1-18.

28.      The terms of the account agreement between Chase and Plaintiff entitled Plaintiff to withdraw funds in her account that were not in fact restrained by court order.

29.      Chase breached the agreement by not complying with the January 4, 2023 court order.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      i.      Compensatory damages;

      ii.      Costs of suit;

      iii.      Such other or further relief as is proper.

                                                                           */s/ Daniel A. Edelman*
                                                                           Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 62970473)
Cassandra P. Miller (ARDC 6290238)
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)